November 16, 2016
**OFFICE OF
APPELLATE COURTS**


STATE OF MINNESOTA

IN SUPREME COURT

A15-0536

In re Petition for Disciplinary Action against
Troy Allen Van Beek, a Minnesota Attorney,
Registration No. 0318462.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Troy Allen Van Beek has committed professional misconduct warranting public discipline—namely, engaging in conduct with no substantial purpose other than to embarrass or burden a third person; holding himself out as authorized to practice law while fee suspended and on voluntary continuing-legal-education restricted status; making false or misleading statements; failing to cooperate with the disciplinary process; and failing to file individual income-tax returns for 5 years. *See* Minn. R. Prof. Conduct 4.4, 5.5(b), 7.1, 8.1(b), 8.4(c), 8.4(d). Respondent waived his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), withdrew his previously filed answer, and unconditionally admitted the allegations in the petition. As evidence of mitigating factors, respondent provided the Director with evidence regarding his alcoholism and mental-health issues. The parties recommended that the appropriate disposition is a public reprimand and that respondent be transferred to disability-inactive status. *See* Rule 28(a), RLPR.

On September 21, 2016, we issued an order temporarily suspending respondent because the parties agreed his substance-abuse and mental-health issues rendered him unable to competently represent clients at this time. *In re Van Beek*, No. A15-0536,

1

Order at 2-3 (Minn. filed Sept. 21, 2016). We explained that attorneys are often suspended for failing to file income-tax returns. *Id.* at 1-2. We also noted that the parties had not provided us with information regarding the connection between respondent's misconduct and his substance-abuse and mental-health issues. *Id.* at 2. We ordered the parties to file memoranda showing cause why respondent "should not be subject to more severe discipline than a public reprimand" and addressing how respondent's "misconduct, including specifically his failure to file income-tax returns, is connected, if at all, to his chemical-dependency and mental-health issues." *Id.* at 3.

The parties have now filed memoranda in response to our order to show cause and have provided the court with additional information about Van Beek's substance-abuse and mental-health issues. Van Beek has also filed an amended motion to submit documents under seal. The Director does not object to this amended motion.

The court has independently reviewed the file, and in light of mitigating factors present, agrees that Van Beek should be publicly reprimanded for his misconduct. The court further agrees that Van Beek's substance-abuse and mental-health issues prevent him from competently representing clients and that Van Beek should be transferred to disability-inactive status. *See* Rule 28(a), RLPR.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.     Respondent Troy Allen Van Beek is publicly reprimanded and transferred to disability-inactive status.

2.     Respondent shall comply with Rule 26, RLPR (requiring notice of transfer to disability-inactive status to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

3.     Respondent may petition for reinstatement, and his petition shall be governed by Rules 18 and 28(d), RLPR. Reinstatement is conditioned on successful completion of the written examination that is required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility; satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR; and filing all required state and federal tax returns, including individual and employer withholding returns, and payment of any taxes due thereon or entrance into agreements satisfactory to the Internal Revenue Service and the Minnesota Department of Revenue for the payment of all such taxes.

4.     Respondent's amended motion to submit documents under seal is granted. The Clerk of the Appellate Courts shall designate exhibits 5 and 6 to the Director's October 12, 2016 memorandum of law as confidential and exempt from public disclosure under Rule 20, RLPR. The portion of the Director's file in this matter containing respondent's medical records and respondent's expert report regarding his medical records shall be designated as confidential and exempt from public disclosure under Rule 20, RLPR. All such records and documents shall remain part of the Director's file in this matter, and the Director may use these documents in any subsequent probation or disciplinary, disability, reinstatement, or other proceeding in accordance with applicable rules.

Dated:  November 16, 2016

BY THE COURT:

David R. Stras
Associate Justice

4